IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Maxwell Muff,                    :

        Plaintiff,         :   Case No. 2:09-cv-875

  v.                             :   JUDGE SMITH

Terry Collins,                   :

        Defendant.         :

REPORT AND RECOMMENDATION

I. Introduction

The plaintiff in this declaratory judgment action is Maxwell Muff, a state prisoner. Because Mr. Muff is a prisoner who is seeking relief against a governmental employee, Terry Collins, the Director of the Ohio Department of Rehabilitation and Correction, the Court is required by law to review the complaint before ordering its service on the defendant in order to determine if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915(e) and 28 U.S.C. §1915A. The Court has done that review, and concludes that the United States District Courts have no jurisdiction over the claim pleaded in the complaint. It will therefore be recommended that this case be dismissed without prejudice.

II. The Complaint

Mr. Muff's complaint relates to a policy adopted by the ODRC which, according to the complaint, has designated the Chillicothe Correctional Institution as a "tobacco-free environment." Mr. Muff asserts that Director Collins exceeded the authority given to him by state law when he created this policy. Mr. Muff's complaint, by its terms, poses a single issue for this Court's

consideration:
> Does Defendant, being the Director of the Ohio Department of Rehabilitation and Corrections have the legislative authority to alter the legislative intent and effects of Ohio Revised Code, Chapter 3794 when he implemented a total tobacco free environment in the policy and penal setting like Chillicothe Correctional Institution.

The complaint invokes this Court's jurisdiction under several provisions of Title 12, United States Code, and associated regulations, under 28 U.S.C. §§1331 and 2201, and under Federal Rule of Civil Procedure 57.

### III. Federal Court Jurisdiction

The federal courts are courts of limited jurisdiction, and may exercise only that jurisdiction which has been conferred upon them by Article III of the United States Constitution and by Act of Congress.  They are not courts of general jurisdiction like Ohio's Courts of Common Pleas, and there are many legitimate disputes that simply cannot be heard by a federal court.  The Court does not know, and is powerless to determine, if Mr. Muff's state law claim has any merit.  That is so because it is clear that this Court has no jurisdiction to consider its merits.

First, most of the legal provisions relied on by Mr. Muff do not create any jurisdiction in the federal courts. 28 U.S.C. §2201, the Declaratory Judgment Act, enables federal courts to issue declaratory judgments (they could not do so prior to the adoption of this Act), but, according to the words of the statute, a federal court can do so only "[i]n a case or controversy within its jurisdiction ...." Whether a case or controversy is within the federal court's jurisdiction must be answered by looking at some other federal statute.  As the Supreme Court has explained, by

enacting the Declaratory Judgment Act, "Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). Similarly, no provision of the Federal Rules of Civil Procedure, including Rule 57, either creates or expands the jurisdiction of the federal courts. See Cramp Shipbuilding Co. v. United States, 11 F.R.D. 556, 557 (E.D. Pa. 1952) ("The Federal Rules can not widen the jurisdiction of this court, they may only prescribe the methods by which that jurisdiction is to be exercised").

Similarly, no jurisdiction is conferred on the federal courts by 12 U.S.C. §1 or 12 C.F.R. §7.1013. The former statute simply creates the Office of the Comptroller of the Currency within the Department of the Treasury. 12 C.F.R. §7.1013 does not currently exist, but is a number reserved for future regulations relating to the Comptroller of the Currency.

28 U.S.C. §1331, the only other federal statute referred to in the complaint, is a jurisdictional statute. It allows the district courts to hear cases "arising under the Constitution, laws, or treaties of the United States." In order for a case to come within §1331's grant of jurisdiction, however, the claim which is pleaded in the complaint must either be based on a provision of federal law (or the United States Constitution or a treaty) or, if the claim arises under state law, federal law must supply a necessary element of the state law claim. See Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804, 813 (1986). Even if federal law does govern some element of a cause of action arising under state law, the federal courts have jurisdiction over that cause of action only if exercising

that "jurisdiction would serve congressional purposes and the federal system." Merrell Dow, 478 U.S. at 814. Otherwise, the federal question is not considered to be substantial enough to form the basis for jurisdiction under §1331. Id.

Here, the only claim raised in the complaint arises purely under state law. It presents the question of whether a state official exceeded the state statutory authority given to him when he adopted a state policy. There is no element of this claim that is governed by federal law, so federal question jurisdiction under 28 U.S.C. §1331 is lacking. The Court is not aware of any other jurisdictional statute under which it could entertain Mr. Muff's state law claim. His complaint presents a state law question that can only be decided by a state court.

### IV. Recommended Disposition

For these reasons, the Court recommends that this case be dismissed without prejudice for lack of subject matter jurisdiction. Should this recommendation be adopted, the Clerk should be directed to mail a copy of the complaint, this Report and Recommendation, and any final order to the defendant.

### V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this

Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de</u> <u>novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

<pre>
                              /s/ Terence P. Kemp
                              United States Magistrate Judge
</pre>