```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                           EASTERN DIVISION
```

Maxwell Muff,                     :

        Plaintiff,         :    Case No. 2:09-cv-875

  v.                              :    JUDGE SMITH

Terry Collins,                    :

        Defendant.        :


                              ORDER

    Plaintiff, Maxwell Muff, a state prisoner, objects to the Magistrate Judge's recommendation that this case be dismissed for lack of subject matter jurisdiction. For the following reasons, and after a *de novo* review of the legal issue involved, the Court will overrule the objection and dismiss the case.

    As more fully explained in the Report and Recommendation, Mr. Muff's complaint is that regulations adopted by the Ohio Department of Rehabilitation and Correction concerning smoking in state prisons are in conflict with, or not authorized by, state laws as adopted by the Ohio General Assembly. Reasoning that this is purely a state law claim and that this Court, as a court of limited jurisdiction, has neither the Constitutional authority nor any statutory authority to decide this claim, the Magistrate Judge recommended a dismissal without prejudice.

    Mr. Muff argues at great length that his state law claim can be heard by a federal court. That argument is simply incorrect. The question of whether the Director of ODRC exceeded the authority granted to him under state law to regulate smoking in Ohio's prisons is clearly a state law issue, and none of the circumstances under which this Court can decide state law claims - for example, in cases where the citizenship of the parties is diverse and the amount in controversy exceeds $75,000, or where

the state law claim arises out of the same core set of facts as a federal law claim over which the Court has jurisdiction, see 28 U.S.C. §§1332(a), 1367 - exist here.

In his objection, Mr. Muff makes some reference to the existence of a liberty interest in smoking which was created by state law. Some state laws do create liberty interests that are deserving of constitutional protection, so that the state may only deprive persons of such an interest through due process of law. However, state laws do not create any liberty interest in smoking within prisons. See, e.g., Austin v. Lehman, 893 F. Supp. 448, 453 (E.D. Pa. 1995) ("The Due Process Clause itself confers on inmates no protected liberty interest in smoking ... [a]nd ... constitutional protection for such an interest cannot be derived from applicable prison regulations"). Further, Mr. Muff's claim is not that any liberty interest he might have in smoking was denied without due process, but that the Director of ODRC exceeded his statutory authority by adopting certain nonsmoking regulations. That is not a viable due process claim. Consequently, even if the Court were to allow Mr. Muff to assert such a claim (which is not in his original complaint), the claim would be dismissed and the Court would decline to exercise supplemental jurisdiction over the state law claim which forms the heart of the complaint.

For all of these reasons, the Court agrees that it lacks, or should decline to exercise, jurisdiction over the state law claim set forth in the complaint. Consequently, the objection (#9)is OVERRULED and the Report and Recommendation is ADOPTED. This case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The Clerk is directed to mail a copy of the complaint, the Report and Recommendation, and this Order to the defendant.

/s/ George C. Smith

George C. Smith
United States District Judge